to the complaint. The demurrer was sustained, and the plaintiff appeals.

The question of a veteran's right to retention of office cannot be raised upon this appeal. The simple question is whether the plaintiff can recover pay for the time he was not employed. This question is set at rest in Higgins v. City of New York, 131 N. Y. 128, 30 N. E. 44, where the plaintiff, a veteran, employed by the city as a laborer at the dog pound, was discharged. He instituted proceedings for reinstatement on the ground that he was a veteran, and succeeded, and was re-employed by the city. He then brought action to recover his wages for the time during which he was not employed. The court of appeals, Mr. Justice Gray writing the opinion, distinctly held that the action was not maintainable, and that the city was not obliged to compensate him for the time when he was not in actual service. The plaintiff's counsel calls our attention to the opinion of Mr. Justice Cullen in the unreported case of Maurice Condon against Board of Education, decided in 1891; but that was a proceeding to reinstate the relator, and the judgment of the court has no application to the case at bar.

The judgment is affirmed. All concur.

---

(21 App. Div. 484.)

## CRAWFORD v. McCARTHY.

(Supreme Court, Appellate Division, First Department. October 8, 1897.)

WILLS—LEGACY—ADEMPTION.

    A testatrix devised to her daughter, A., certain real estate, together with her furniture and jewelry, "and other personal property; also money belonging to me on deposit to her credit, excepting from said personalty, however, the business now carried on by me, and license pertaining to the same, and excepting also the disposition of moneys belonging to me, now on deposit in her name." She then bequeathed to her son B. the business and license excepted from the bequest to A., and directed A., "out of the moneys belonging to me on deposit in her name, to pay my said son the sum of $1,500." It appeared that when the will was made the deposit amounted to $1,500, but had been exhausted by the testatrix before the will took effect. *Held*, that the son's legacy was demonstrative, and hence A., having accepted her devise and bequest, took them charged with the payment of the $1,500.

Appeal from special term.

Action by William J. Crawford against Isabella McCarthy to establish a charge on property devised to defendant, and secure the payment of a legacy by its sale. From an interlocutory judgment in favor of plaintiff, overruling defendant's demurrer to the amended complaint, defendant appeals. Affirmed.

The opinion at special term was delivered by Mr. Justice BEEKMAN, as follows:

By the terms of her will, the testatrix directs her debts and funeral expenses to be paid, and then gives, devises, and bequeaths to her daughter, the defendant in this action, certain real estate in this city, together with her furniture and jewelry, "and other personal property; also money belonging to me on deposit to her credit, excepting from said personalty, however, the business now carried on by me, and license pertaining to the same, and except-

ing also the disposition of moneys belonging to me now on deposit in her name." Immediately following this provision is a bequest by testatrix to her son William, the plaintiff in this action, of the business carried on by her, together with the license under which such business was conducted, being the property which in terms she had previously excepted from the bequest in favor of the defendant. In the same clause she gives the following direction: "And I direct my daughter Isabella, out of the moneys belonging to me on deposit in her name, to pay my said son the sum of $1,500." In addition to the above, the testatrix also bequeathed to the children of a deceased daughter the sum of $50 each, when they severally attained the age of twenty-one years, "to be paid out of the moneys on deposit in the name of my daughter Isabella." The reason given by her in her will for the smallness of this bequest is that she had already advanced and expended the sum of $1,000 on behalf of the mother of the infants. The daughter, the defendant in this action, was appointed sole executrix, and in the clause under which said appointment was made she was authorized "to sell, convey, and dispose of any and all of the real estate or personal property of which I may die seised or possessed, and to mortgage such real estate." The only other provision contained in the will is one under which the testatrix directs that, should any of her heirs at law or next of kin mentioned in the will contest the same, such contest is to be taken and deemed a waiver of all of the interest of such contestant thereunder, and that the interest thus forfeited shall become a part of her residuary estate. It will be observed that there is no clause which in express terms disposes of the residuary estate of the testatrix, but it is plain that she intended to dispose of all her property, and that her daughter, the defendant in this action, was to be the recipient of the whole, except so much thereof as was necessary for the purpose of satisfying the special bequests above mentioned to the plaintiff and the grandchildren of the deceased. It appears that at the time the will was made there was a sum of money, amounting to about $1,800, on deposit in a bank to the credit of the defendant, which, however, really belonged to the testatrix; and, had this deposit continued unimpaired, no question would have arisen under this will, as such sum was sufficient to pay the legacy of $1,500 to the son and the legacies of $50 each to the grandchildren. But it seems that subsequently the amount of this deposit was depleted to such an extent that little, if any, of it was left when the will took effect. The claim of the plaintiff is that his legacy was not specific, but demonstrative; that it does not adeem by reason of the failure of the fund in question, but that, owing to the direction given to the defendant to pay it, and the fact that the defendant is a devisee under the will, and has received what is equivalent to the residuary estate of the testatrix, she is personally liable for the amount of the legacy of $1,500, and that the same is a charge upon the real estate devised to her. This action is brought for the purpose of having such charge established, and securing the payment of the legacy by a sale of the property. I think that the legacy in question was demonstrative, and not specific. Giddings v. Seward, 16 N. Y. 365; Newton v. Stanley, 28 N. Y. 61; Walton v. Walton, 7 Johns. Ch. 263. In the case of Giddings v. Seward, supra, the testator gave to his mother "the sum of twelve hundred dollars, and interest on the same, contained in a bond and mortgage given to me by Orren W. Seward and Caroline, his wife, and dated the third day of January, 1847." It was held that the legacy was demonstrative, and did not adeem by reason of the payment of the mortgage before the death of the testator. In the case of Newton v. Stanley, supra, the testator bequeathed two sums of money to two of his children, and directed the same to be paid "from the moneys due or to become due" to him from another child, bequeathing to the latter whatever balance of the debt there might remain. It was held that said legacies were not specific, but were payable out of the estate, without regard to the condition of the particular fund designated. At page 65 of the report it is said: "Courts are not inclined to hold a legacy to be specific rather than general, unless its terms clearly require such a construction." Especially is this so where the beneficiary is of the blood of the testator, and has a natural claim upon his bounty. The existence of such claim is sufficient to support the presumption that the testator intended the legacy to take effect, and that the provision designating the fund out of which it should be paid was for the convenience of the estate, rather

than a limitation attached to the bequest. I am unable to discover in this will that clear evidence of the contrary intention which is necessary to overcome this presumption, and which alone would justify the court in holding that the testatrix intended that plaintiff's legacy should take effect only in case the fund in question was in existence at the time of her decease. The intention of the testatrix, to be gathered from the whole will, was that her property should pass to her children and grandchildren in certain proportions, which she indicates. In effect, specific property in specific sums was left to her son and grandchildren, and what remained was devised and bequeathed to the daughter. While it was a part of her testamentary scheme that some of her descendants should receive less than the others, it is to be presumed that otherwise all were considered by her as having claims upon her recognition, and hence that she did not intend that the provision in favor of either should fail by reason of changes in the condition of her estate between the date of making the will and her decease. The bequest under consideration is, therefore, tantamount to a general direction to the defendant to pay the $1,500 which the testatrix intended that the plaintiff should receive. It is well settled that when a legacy is given, and is directed to be paid by a person to whom the estate is devised, such real estate is charged with the payment of the legacy; and the rule is the same when the legacy is directed to be paid by an executor who is the devisee of the real estate. If the devisee in such cases accepts the devise, he becomes personally bound to pay the legacy; and he becomes thus bound even if the land so devised to him proves to be less in value than the amount of the legacy. Brown v. Knapp, 79 N. Y. 136, 142. I think the present case comes within the application of this principle, and the complaint must therefore be held to set out a cause of action. It follows that the demurrer must be overruled, with costs, with leave to the defendant to answer on payment of costs.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

Alex. Thain, for appellant.
G. O. & L. S. Hulse, for respondent.

PER CURIAM.     Judgment affirmed, with costs, on opinion of the justice at special term.

---

HARLEM RIVER & P. R. CO. v. ARNOW et al.

(Supreme Court, Appellate Division, First Department. October 8, 1897.)

1. EMINENT DOMAIN—SELECTION OF DEPOT GROUNDS.
    Where lands are required for the location of depot buildings or the construction of a railroad, the company cannot be controlled in the selection, in good faith, but may itself make the choice of land to be taken.

2. SAME—CONTROL BY COURT.
    In proceedings to condemn land necessary for railroad purposes the courts will not interfere with a reasonable provision for prospective as well as existing business.

3. SAME—RIGHTS OF LANDOWNER.
    Where a railroad company's plan for railroad improvements, involving condemnation of lands, is better for it and for the public than one proposed by the owner of the land, the latter's wish not to sell must be subordinated to what seems to be for the general good.

Appeal from judgment on report of referee.

Petition by the Harlem River & Portchester Railroad Company for condemnation of land. From a judgment entered on the report of a referee appointed to hear and determine issues raised, Phœbe Jane Arnow and others appeal. Affirmed.